# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 17-60754

————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2019

Lyle W. Cayce
Clerk

LEVONZEL ANDERSON,

Plaintiff−Appellant,

versus

NORRIS MORRIS, Sued in His Official and Individual Capacity; STEVEN PICKETT, Sued in His Official and Individual Capacity; CLARNCE BROWN, Sued in His Official and Individual Capacity; KAY WASHINGTON, Sued in His Official and Individual Capacity; EARNEST LEE, Sued in His Official Capacity; TIMOTHY MORRIS, Sued in His Official and Individual Capacity; UNKNOWN STURDIVANT, Sued in Her Official Capacity; ANDREW MILLS, Sued in His Official Capacity; UNKNOWN COX, Sued in Her Official Capacity; KATHRYN MCINTYRE, Sued in Her Official and Individual Capacity; RICHARD PENNINGTON, Sued in His Official Capacity; UNKNOWN BROWN, Sued in His Official and Individual Capacity; RICKY SCOTT, Sued in His Official and Individual Capacity; NOLA NELSON, Sued in Her Official and Individual Capacity; JOHN DOE #1, Sued in His Official and Individual Capacity; UNKNOWN MCCOY, Sued in His Official and Individual Capacity; UNKNOWN BURT, Sued in His Official and Individual Capacity; M.D. CHARLES HALL, Sued in His Official Capacity; TIMOTHY OUTLAW, Sued in His Official and Individual Capacity; UNKNOWN GARRISON, Sued in His Official and Individual Capacity; UNKNOWN VANCE, Sued in His Official and Individual Capacity; JOHN DOE #2, Sued in His Official and Individual Capacity; PAMLA ROBINSON, Sued in Her Official Capacity; UNKNOWN JOHNSON, Sued in Her Official and Individual Capacity; UNKNOWN MUMFORD, Sued in His Official and Individual Capacity; UNKNOWN ALEXANDER, Sued in His Official and Individual Capacity; UNKNOWN MEET/MEEKS, Sued in Her Official and Individual Capacity; MARSHALL FISHER, Sued in His Official Capacity,

Defendants−Appellees.

No. 17-60754

Appeal from the United States District Court
for the Northern District of Mississippi
No. 4:16-CV-101

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Levonzel Anderson, Mississippi prisoner #56485, moves to proceed *in forma pauperis* ("IFP") on appeal. The district court granted the defendants' summary judgment motions as to Anderson's 42 U.S.C. § 1983 claims of failure to protect, retaliation, and denial of access to courts and dismissed the remaining claims, including that Anderson was unconstitutionally denied parole, per 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted. Anderson's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

In his IFP motion, Anderson reasserts claims of failure to protect, retaliation, denial of access to courts, and denial of parole. Anderson's remaining claims have been abandoned. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Anderson's transfer to the Wilkinson County Correctional Facility renders any claims for injunctive relief at the Marshall County Correctional Facility and the Mississippi Department of Corrections Hospital moot. *See Beck v. Lynaugh,* 842 F.2d 759, 762 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60754

1988).  Moreover, we do not consider any facts that were not before the district court at the time of final judgment.  *See Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

Anderson has not shown that he will present a nonfrivolous issue on appeal.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, the motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal as frivolous counts as a strike under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387−88 (5th Cir. 1996).  Anderson is warned that if he accumulates three strikes under § 1915(g), he will be barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).